UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRACY BARLOW, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:02-cv-1077-DFH-TAB |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON CERTAIN PENDING MOTIONS

Numerous motions are pending in this matter. The court now addresses some of those and rules as follows:

The court denies Docket No. 542, plaintiffs' "Combined Motion to Strike GM's Reply in Support of Renewed Motion to Exclude Testimony of Dr. Daniel Teitelbaum and GM's Reply in Support of Motion for Partial Summary Judgment Against Plaintiffs' Demand for Emotional Distress Damages."

The court denies Docket No. 516, General Motors' motion for leave to submit billing statements for *in camera* inspection, but allows 21 days for General Motors to file in redacted form any additional materials it wishes to submit to support its request for fees based on the sanctions the court has imposed. Plaintiffs shall have 14 days after that filing to submit any final objections to the fee request.

The court grants Docket No. 540, plaintiffs' motion for leave to file a surreply brief in opposition to defendant's motion to strike plaintiffs' February 12, 2007 damages claims and for sanctions.

The court denies Docket No. 520, General Motors' motion for a hearing on its motion for partial summary judgment on plaintiffs' emotional distress damages and its renewed motion to exclude testimony of Dr. Teitelbaum. The court grants Docket No. 479, plaintiffs' motion to reconsider the court's earlier dismissal of their pending motion to compel as moot. The court

agrees that the original motion to compel is not moot and will rule on the substance of the motion and opposition to it in connection with the ruling on the remaining substantive motions for summary judgment and related matters.

I.     *Background*

Defendant General Motors Corporation has operated a die casting plant in Bedford, Indiana since 1946.  Plaintiffs in this case are owners and residents of land located near GM's Bedford plant.  Plaintiffs allege that over the course of several decades, the GM Bedford plant released polychlorinated biphenyls ("PCBs") that have contaminated their land.  GM has undertaken a clean-up effort with the agreement of the United States Environmental Protection Agency and the Indiana Department of Environmental Management.  Plaintiffs in this case contend that the government-approved clean-up effort is too limited.  Plaintiffs seek damages on a variety of theories.

The stage for the present motions was set when the court ruled on a previous batch of motions on September 18, 2006.  *Allgood v. General Motors Corp.*, 2006 WL 2669337 (S.D. Ind. Sept. 18, 2006).[1]  The court granted summary judgment in favor of GM on a number of issues and claims.  The court found that plaintiffs were not entitled to medical monitoring damages and that GM was entitled to summary judgment on plaintiffs' unjust enrichment claims.  The court also found that plaintiffs were not entitled to damages based on the estimated

---

[1]Earlier decisions bear the caption *Allgood v. General Motors*, but the Allgoods settled and dismissed their claims in April 2007.

costs of a more extensive but hypothetical clean-up effort that would have far exceeded the total fair market value of plaintiffs' properties in the absence of any PCB pollution. The court dismissed as not yet ripe plaintiffs' claims for alleged "stigma" damage to their property values. The court denied summary judgment for GM on claims relating to three water wells. Not all claims and damage theories were addressed by GM's motions or the court's ruling.

The court held a status conference on October 13, 2006. Because the September 18th ruling had reshaped the case so much, cutting back on plaintiffs' theories for the greatest amount of damages, the court decided, over defendant's objection, to allow plaintiffs one final opportunity to revise their damage theories to conform to the court's rulings on the applicable law. The court also decided to allow General Motors to file a new round of motions for summary judgment if it believed the plaintiffs' responses were inadequate. Although plaintiffs had not offered any expert testimony as to the lost value of their properties, the court observed that plaintiffs could offer their own opinions on lost value of their properties, as plaintiffs have argued all along. See *Allgood*, 2006 WL 2669337, at *36 n. 14, citing *In re Coyle*, 671 N.E.2d 938, 945 (Ind. App. 1996), and *Jordan v. Talaga*, 532 N.E.2d 1174, 1188 (Ind. App. 1989). In a written order issued the same day, on October 13, 2006, the court set a new trial date of October 9, 2007 and ordered as follows:

> Over objection of defendant, the court stated that plaintiffs would be allowed to submit a supplemental expert report from Dr. Teitelbaum that

complies with Fed. R. Civ. P. 26(a)(2) supporting any plaintiff's claim for damages for emotional distress.  Such report must be served no later than November 30, 2006.  Also no later than November 30, 2006, plaintiffs shall serve on defense counsel a detailed and individualized statement of all remaining claims for damages and the factual bases for those claims.

No later than February 15, 2007, General Motors may file additional motions for summary judgment, take an additional deposition of Dr. Teitelbaum, designate rebuttal expert(s) with reports under Rule 26(a)(2) to respond to Dr. Teitelbaum's supplemental report.

Docket No. 482.  The November 30, 2006 deadline was intended to give plaintiffs adequate time, after their principal damage claims were rejected, to reconstruct their damages theories while also allowing defendants to conduct additional discovery and then move for summary judgment if they thought the responses were not sufficient to require a trial.

In their response of November 30, 2006, plaintiffs did not express any of their own opinions about lost value.  Instead, plaintiffs served on defendant an entirely new expert report from Nick Tillema asserting estimates for lost rental value of the property in question.  Tillema's report estimated the total lost rental value as $480,216 for all properties still involved in the case.

Plaintiffs' November 30, 2006 responses took the form of supplemental interrogatory responses.  Those responses included numerous objections and reservations, including a right to amend and supplement, that were not consistent with the court's order that the November 30th deadline was a final one for providing "a detailed and individualized statement of all remaining claims for

damages and the factual bases for those claims." On January 22, 2007, plaintiffs withdrew those objections and reservations, including the claimed right to supplement. See Docket No. 500 at 2, and Exhibit B.

In response to the plaintiffs' November 30th supplements, General Motors moved to strike the Tillema report as a deliberate violation of the court's orders. On February 2, 2007, the court granted General Motors' motion to strike the Tillema report. *Allgood v. General Motors Corp.*, 2007 WL 647496 (S.D. Ind. Feb. 2, 2007). The court also ordered that General Motors recover as sanctions from plaintiffs its attorney fees incurred in moving to strike the Tillema report.

The plaintiffs responded on February 12, 2007, with a new effort to state their damage claims. Plaintiffs called the documents they served "Supplemental Initial Disclosures." These "supplements" offered entirely new numbers, and plaintiffs themselves, for example, estimated the lost rental value of their properties at a total of $4.3 million, or ten times the amount claimed in the late report from their appraisal expert two months earlier.

The result of plaintiffs' attempts to rescue their damage claims has been a tangle of motions, virtually all of which stem from plaintiffs' failure to comply with the court's deadline giving them a final chance to restate the details of their damage claims by November 30, 2006. The title of one pending motion is a clear symptom of the problem:  Plaintiffs' "Motion for Leave to File Surreply in

Opposition to Defendant's Motion to Strike Untimely Filed February 12, 2007 Damages Claims and for Sanctions." Dkt. No. 540.  The court concluded that the tangle of motions required the postponement of the trial date upon which the deadlines had been built, and it has taken considerable amount of time for the court to clear enough time in its schedule to untangle the present motions.  The process is still not complete; this is an interim step that resolves only some of the non-dispositive motions.  The heavier lifting is still in progress.

II.     *Plaintiffs' Combined Motion to Strike Reply Briefs*

Let's start with Docket No. 542, plaintiffs' "Combined Motion to Strike GM's Reply in Support of Renewed Motion to Exclude Testimony of Dr. Daniel Teitelbaum and GM's Reply in Support of Motion for Partial Summary Judgment Against Plaintiffs' Demand for Emotional Distress Damages."  Plaintiffs complain that General Motors has accused plaintiffs and their counsel of "manipulating" the expert witness report, presenting new testimony, and making various other changes in the report.  Plaintiffs contend these charges are inaccurate.  Plaintiffs also contend that GM has improperly raised new arguments in its reply briefs (Dkt. Nos. 535 and 537).  A motion to strike is not intended to be a vehicle to extend the briefing on the underlying dispute.  Plaintiffs' motion has generated a total of 40 pages of additional briefing on the underlying motions.  The court does not perceive any materials in GM's briefs that are scandalous and suitable for a

motion to strike, or inappropriate for a reply brief.  Plaintiffs' motion to strike (Dkt. No. 542) is hereby denied.

III.     *General Motors' Motion to File Billing Information In Camera*

Next is Docket No. 516, General Motors' motion for leave to submit billing statements for *in camera* inspection.  When the court granted General Motors' motion to strike the new Tillema report, the court also ordered plaintiffs to pay General Motors' attorney fees incurred in pursuing the motion to strike because of plaintiffs' clear disregard for the court's orders and attempts to evade the applicable deadlines.  2007 WL 647496, at *7.  General Motors filed a statement seeking reimbursement for a total of $21,200, with supporting evidence.  The pending motion seeks leave to submit the original and/or redacted time entries *in camera* to preserve attorney-client privilege and work product privilege. Disclosing the detailed time entries to plaintiffs' counsel might result in disclosure of privileged information.  Given the general tenor of this lawsuit so far, General Motors could also reasonably fear renewed collateral battles over whether a particular time entry resulted in a broad waiver of privilege as to any communications or work product relating to the same subject matter.

The Seventh Circuit has cautioned strongly against the practice of submitting fee applications *in camera* but has recognized that redaction may be used to protect privileged information.  *Reynolds v. Beneficial National Bank,*

288 F.3d 277, 286 (7th Cir. 2002) (reversing approval of class action settlement

and commenting: "To conceal the applications and in particular their bottom line

paralyzes objectors . . . ."). *Reynolds* most definitely does not endorse the position

advocated by plaintiffs here, that they are entitled to unredacted time entries,

including those not related to the sanctions request. The major problem in

*Reynolds* was that the entire fee applications, including the total amounts that

class counsel were seeking to recover from the total class recovery, were kept away

from parties who were entitled to object.[2]


General Motors has not sought to conceal its entire application or the

bottom line, but the court believes the better practice would be to file and serve

redacted statements that show the attorney, date, and time devoted to the motion

to strike, and a reasonable indication of the work completed. General Motors may

redact all information about other activities. It does not need to disclose its overall

bills on the matter for the months in question. One key factor authorizing this

redaction is that the fee award here is a sanction for misconduct in ongoing

---

[2]The court recognizes that some district courts have authorized *in camera* submissions of billing information when imposing sanctions. *E.g., Trustees of Laborers, Local 310 Pension Fund v. Able Contracting Group*, 2007 WL 184748, *8 (N.D. Ohio Jan. 19, 2007); *Vazzana v. City of Greenville*, 2007 WL 465634, *4 ((N.D. Miss. Feb. 8, 2007); *Communications Center, Inc. v. Hewitt*, 2005 WL 3277983, *3 (E.D. Cal. April 5, 2005); *William T. Thompson C. v. General Nutrition Corp.*, 104 F.R.D. 119, 122 (C.D. Cal. 1985) (sanctions award based on billing summaries, supported by daily billing records that court reviewed *in camera*). These decisions did not discuss the practice of *in camera* submissions, and in light of the clear caution from the Seventh Circuit in *Reynolds*, this court declines to adopt that practice in this case, absent a showing of a more compelling need for such submissions.

litigation.  The consequences of misconduct should not include an opportunity to examine the opponent's privileged information.

The overall amount sought by General Motors is modest enough here that the court hopes this matter will not generate still more litigation.  Accordingly, General Motors' motion for leave to file billing statements in camera is hereby denied.  General Motors may file and serve redacted billing statements no later than April 21, 2008, which may also include additional time devoted to their preparation.  If plaintiffs wish to supplement their opposition, they may do so no later than fourteen days after General Motors files its redacted billing statements.

IV.     *Plaintiffs' Motion for Leave to File Surreply*

Plaintiffs have moved (Dkt. No. 540) for leave to file a surreply brief in opposition to defendant's motion to strike plaintiffs' February 12, 2007 damages claims and for sanctions (Dkt. No. 510).  General Motors has opposed the motion. See Dkt. No. 541.  The principal focus of this controversy is an incident that occurred after business hours on February 9, 2007, when an attorney for plaintiffs hand-delivered a package to the offices of General Motors' attorneys in Indianapolis.  Plaintiffs' motion included the text of the proposed surreply, which the court has read. Plaintiffs submitted with their original response to the motion to strike an affidavit from the attorney.  He testified that when he arrived after business hours, he explained to a security guard what he needed to do, and the

security guard accompanied him to the offices of McTurnan & Turner to leave the package. This incident has become the focus of a bitter controversy. General Motors describes it as an unethical effort to "sneak into defense counsel's offices." Dkt. No. 532 at 12. Plaintiffs defend it as an innocent and harmless effort to make good on a promise to deliver documents (albeit belatedly).

In light of the attack on plaintiffs' counsel, the court grants the motion for leave to file the surreply, and the court has considered General Motors' response as well. Plaintiffs' counsel have complained about other rhetoric used in General Motors' briefs, but the court does not believe the other comments warranted a surreply brief. These were sharp attacks on positions taken and tactics used in litigation, and did not provide an excuse for another round of briefing more generally.

V.      *General Motors' Motion for Oral Argument*

General Motors has moved (Dkt. No. 520) for oral argument on its motion for partial summary judgment on plaintiffs' emotional distress damages and its renewed motion to exclude testimony of Dr. Teitelbaum. The court believes that the parties' voluminous briefing and supporting materials are sufficient and that a hearing would not be useful. General Motors' motion for a hearing is denied.

VI.     *Plaintiffs' Motion to Reconsider Motion to Compel*

-10-

As part of the court's rulings on September 18, 2006, the court denied as moot plaintiffs' motion to compel production of documents (Dkt. No. 429). Plaintiffs moved to reconsider that decision, asserting that in fact the documents in question remain relevant to their surviving claims. See Dkt. No. 479. The court agrees that the original motion to compel is not moot and therefore grants the motion to reconsider. The court will rule on the substance of the motion and opposition to it in connection with the ruling on the remaining substantive motions for summary judgment and related matters.

     So ordered.

Date:  March 31, 2008

                                             _____
                                             DAVID F. HAMILTON, CHIEF JUDGE
                                             United States District Court
                                             Southern District of Indiana

Copies to:

William  Bock III
KROGER GARDIS & REGAS
wb@kgrlaw.com

Reynolds B. Brissenden
KROGER GARDIS & REGAS
tjb@kgrlaw.com

Gregory P. Cafouros
KROGER GARDIS & REGAS, LLP
gpc@kgrlaw.com

Martin Czinczel Calhoun
SPRIGGS & HOLLINGSWORTH
mcalhoun@spriggs.com

Andrew Rudolph Falk
KROGER GARDIS & REGAS LLP
arf@kgrlaw.com

Bruce A. Featherstone
FEATHERSTONE PETRIE DESISTO
bfeatherstone@featherstonelaw.com

Robert William Finnerty
GIRARDI & KEESE
rfinnerty@girardikeese.com

Thomas Vincent Girardi
GIRARDI & KEESE
tgirardi@girardikeese.com

Jay P. Kennedy
KROGER GARDIS & REGAS LLP
jpk@kgrlaw.com

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Walter J. Lack
ENGSTROM LIPSCOMB & LACK
wlack@elllaw.com

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
klatimer@spriggs.com

Brian J. Leinbach
ENGSTROM LIPSCOMB & LACK
bleinbach@elllaw.com

Frank  Leone
SPRIGGS & HOLLINGSWORTH
fleone@spriggs.com

Kurtis Allen Marshall
KROGER, GARDIS & REGAS LLP
kam@kgrlaw.com

John F. McCauley
BINGHAM MCHALE LLP
jmccauley@binghammchale.com

Lee B. McTurnan
BINGHAM MCHALE LLP
lmcturnan@binghammchale.com

Ignacia S. Moreno
SPRIGGS & HOLLINGSWORTH
ppalugod@spriggs.com

W. Ray Persons
KING & SPALDING LLP
rpersons@kslaw.com

Frank C. Porada
FEATHERSTONE PETRIE DESISTO
fporada@featherstonelaw.com

Traci Meakem Richmond
SPRIGGS & HOLLINGSWORTH
fleone@spriggs.com

Carrie J. Rognlien

-14-

GIRARDI & KEESE
crognlien@girardikeese.com

Sydney L. Steele
KROGER GARDIS & REGAS LLP
sls@kgrlaw.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com